O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV06-7997-AHM (PJWx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | JONATHAN D. CHANG, et al. v. AMERICAN LEGION JACKIE ROBINSON POST 252, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Cindy Nirenberg | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jonathan D. Chang, *pro se* | Rebecca Hufford-Cohen<br>William Godfrey Davis |

**Proceedings:**  
(1) FINAL PRETRIAL CONFERENCE;  
(2.1) DEFENDANT AMERICAN LEGION'S MIL #1 TO EXCLUDE EVIDENCE IRRELEVANT, LACKING FOUNDATION AND WRITINGS GENERALLY [220]; and  
(2.2) MIL #2 TO EXCLUDE WITNESSES UNDISCLOSED AND/OR WITHDRAWN [221]; and  
(2.3) MIL #3 TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE OF ALLEGED CONSPIRACY [222]; and  
(2.4) MIL #4 TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES [223].  
(2.5) MIL #5 TO EXCLUDE EVIDENCE, TESTIMONY OR ARGUMENT RELATING IN ANY WAY TO THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT, PAUL MADISON ON MARCH 30, 2009 [227]  
(2.6) PLAINTIFFS' MIL # 1 to exclude all pleadings, answers, judgment, files, testimony, evidence and argument relating to Chang v. American Legion, etc., et al., Los Angeles Superior Court Case Nos. BC344990 and BC356002 and Ester v. Chang, et al., 06U02279 [228]

(non-evidentiary)

Final pretrial conference held.

I.   MOTIONS IN LIMINE

Upon reviewing the filed papers and lodged exhibits, and after questioning counsel and Mr. Chang, the Court rules as follows on the pending motions in limine:

American Legion Post ("ALP") and Alonzo Ester's Motions in Limine #1 to exclude evidence [220, 258]

GRANTED as to Plaintiffs' Exhibits 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 23, 24, 30, 31, 32, 33, 34, 35, 39, 40, 42, 43, 48, 49, 50.  The Court also grants ALP's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV06-7997-AHM (PJWx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | JONATHAN D. CHANG, et al. v. AMERICAN LEGION JACKIE ROBINSON POST 252, et al. | | |

request to exclude Exhibit 51.

GRANTED in part and DENIED in part as to Plaintiffs' Exhibits 5 (only the photos are admissible), and 47 (may be admissible at liability phase if Mr. Koo testifies).

DENIED as to Plaintiffs' Exhibits 19, 27.

ALP's Motion in Limine #2 to Exclude Witnesses Undisclosed and/or Withdrawn [221]

GRANTED in part and DENIED in part.

The witnesses who were never disclosed or did not appear on Plaintiffs' final disclosures and witness lists may not appear, except insofar as they are called as rebuttal witnesses. These include Shanna Hampton, Steven Noble, Mauricio Diaz, Charlie Hollis, Michael Knight, Nicholas J.H. Koo, Lonnie Johnson-Thomas, Dr. Irwin Ruben, Mr. Jobe, Thomas Ceasar, and Leonardo Davila.

The Changs may appear as witnesses because they are parties.

ALP's Motion in Limine #4 to Exclude Plaintiffs Expert Witnesses [223]

GRANTED as to Dr. Irwin Ruben, Nicholas Koo, Ralph [sic] Douglas, and Darryl Wilwhite, and Dr. Kevin Song. As to Dr. Song, he may not testify during the liability phase, but the Court will consider allowing him to testify in the damages phase.

ALP's Motion in Limine #3 to Preclude Plaintiffs from Introducing Evidence of Alleged Conspiracy [222]

DENIED. The Court will, however, allow Defendants to cross-examine Plaintiffs as to allegations in the Second Amendment Complaint that the conspiracy was effectuated to break a lengthy lease.

ALP's Motion in Limine #5 to Exclude Evidence Relating to the Default Judgment

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV06-7997-AHM (PJWx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | JONATHAN D. CHANG, et al. v. AMERICAN LEGION JACKIE ROBINSON POST 252, et al. | | |

Against Paul Madison [227]

    GRANTED.

Plaintiffs' Motion in Limine #1 to Exclude Evidence Relating to State Cases [228]

    DENIED.  However, Defendants are not permitted to introduce evidence that there was a prior lawsuit that resulted in rulings adverse to Mr. Chang, that Mr. Ester won a lawsuit, or that the Changs withdrew a lawsuit.

II.    PRE-TRIAL OBLIGATIONS

    Defendants are ordered to lodge combined exhibit and witness lists, in numerical order, and including Plaintiffs' exhibits, and to lodge tabbed exhibit binders.  Plaintiff agrees that Defendants may re-number the exhibits.

    The Court does not adopt either side's proposed Pretrial Conference Order, but will prepare an "Exhibit A" that will set forth key findings already made by the Court, and which may be given to jurors.

    The parties are ordered to appear for a pre-trial status conference on June 8, 2009, at 4:00 p.m., and to set a time with the Courtroom Deputy for a 15-minute tutorial on the use of the Elmo projector and other courtroom technology.

III.    TRIAL PROCEDURE

    Court rules that the trial will be set for 5 days, and will be bifurcated into liability and damages phases.

    Each side will have no more than 8 hours of time to question witnesses in the liability phase, and 2 hours to question witnesses in the damages phase.  Because the Plaintiffs are *pro se*, each Plaintiff will each have to ask questions of himself or herself when he or she takes the stand.

    The Court states that it will enforce the normal rules of trial procedure, and that the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV06-7997-AHM (PJWx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | JONATHAN D. CHANG, et al. v. AMERICAN LEGION JACKIE ROBINSON POST 252, et al. | | |

scope of admissible evidence will be determined by the Second Amended Complaint.

After hearing argument from all parties, Court denies Plaintiffs' request to continue the trial by one month. Court instructs Plaintiff that he must inform potential counsel that the trial will not be continued.

Court explains to Plaintiff that he may file a notice of waiver of right to jury trial, and that Defendants will have the chance to object.

|  | 1 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | SMO | |