NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN D. CHANG, an individual; HANNA Y. CHANG, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN LEGION JACKIE ROBINSON POST 252, a California corporation; PAUL MADISON, an individual; ALONZO ESTER, an individual; FAMILY DEVELOPMENT CORP.; JEROME, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. CV06-7997-AHM(PJWX)<br><br>**[PROPOSED]** JUDGMENT |

　　　　On June 10, 2009, at the close of Jonathan D. Chang's and Hanna Y. Chang's case, in a jury trial, Defendants, American Legion Jackie Robinson Post 252 ("the Post"), and Alonzo Ester, moved for judgment as a matter of law on all of Plaintiffs' remaining claims for relief: specifically, Title 42 U.S.C. § 1982

(CJIN 8) and Title 42 U.S.C. § 3604(a) (CJIN 9), as applied to all Defendants; Title 42 U.S.C. § 1985(3) (CJIN 10), as applied to the Post; Title 42 U.S.C. § 3617, as applied to Defendant Ester; breach of contract (CJIN 11 and 12), as applied to the Post; and breach of covenant of good faith and fair dealing (CJIN 15) as applied to the Post.

    The Draft Jury Instructions, which were circulated to the parties and reflected their comments and objections, were filed on June 12, 2009.[1]

    Upon reviewing the elements necessary on these claims, the Court found that Plaintiff failed to provide admissible probative evidence that would permit a reasonable jury to find for the Plaintiffs on any of them.

//

//

//

//

---

[1] The Court did not prepare a jury instruction on the 42 U.S.C. § 3617 claim because it found that it was duplicative of the discrimination claim brought under 42 U.S.C. § 3604(a).

Accordingly, the Court GRANTS Defendants' respective motions for judgment as a matter of law on all of the aforementioned claims for relief contained in Plaintiffs' Second Amended Complaint filed herein on June 12, 2008, to the extent they had not been disposed of in the Court's summary judgment ruling on March 5, 2009.

THEREFORE, it is ORDERED AND ADJUDGED that the plaintiff take nothing, that the action be dismissed on the merits and that Defendants recover their costs.

Dated: July 06, 2009

**JS-6**

_____
Honorable A. Howard Matz
United States District Judge